UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:19-cv- 20549

TREMAYNE REESE,

    Plaintiff,

v.

CARNIVAL CORPORATION,

    Defendant.

_____/

**COMPLAINT FOR DAMAGES
AND DEMAND FOR TRIAL BY JURY**

Plaintiff, TREMAYNE REESE ("Plaintiff"), through undersigned counsel, sues Defendant, CARNIVAL CORPORATION ("Defendant"), and demands trial by jury, stating as follows:

**PARTIES AND JURISDICTION**

1. Plaintiff seeks damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2. This Court has admiralty and maritime jurisdiction pursuant to 28 U.S.C.§ 1333 as the causes of action asserted are maritime torts.

3. This Court has Diversity Jurisdiction pursuant to 28 U.S.C. § 1332, as the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state.

4. Suit is filed in Federal Court because of the federal forum selection clause in the Passenger Contract Ticket issued by the Defendant.

5. Plaintiff is entitled to a jury trial pursuant to *Leslie v. Carnival Corp.*, 22 So. 3d 561,562 (Fla. 3d DCA 2008).

6. Plaintiff is *sui juris* and is a resident and citizen of Ohio.

7. Defendant is a foreign corporation who is authorized to conduct and who does conduct business in the State of Florida, who at all times material hereto was and is doing business in Miami-Dade County, Florida, and who maintains its corporate headquarters and principal place of business in Miami-Dade County Florida.

8. Defendant is a citizen of the State of Florida.

9. Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

   b. Had an office or agency in this state and/or county; and/or

   c. Engaged in substantial activity within this state; and/or

   d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193.

10. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## FACTUAL ALLEGATIONS

11. At all times material hereto, Defendant, CARNIVAL, owned, operated, managed, maintained, and/or controlled the vessel, the *Conquest*.

12. On or about September 13, 2018, Plaintiff was a fare paying passenger on Defendant's vessel, the *Conquest*, which was in navigable waters.

13. As Plaintiff was walking down a hallway of the second deck of the *Conquest*, he was struck in the head by a falling construction tool. As a result of the tool striking his head, the plaintiff suffered a severe concussion.

14. Plaintiff was struck in the head with a falling tool as a result of the Defendant's agents carrying out renovations on a ceiling of the *Conquest*.

15. At all times relevant, the deck area below the ceiling which was being renovated aboard the *Conquest*, and the adjacent areas, were unreasonably dangerous, risk-creating, defective, outdated, improperly designed, improperly installed, and/or otherwise unsafe.

16. This area lacked adequate safety features to prevent Plaintiff's injury.

17. These hazardous conditions were known, or should have been known, to Defendant in the exercise of reasonable care.

18. These hazardous conditions existed for a period of time before the incident.

19. These dangerous conditions were neither open nor obvious to Plaintiff.

20. Nevertheless, at all times relevant, Defendant failed to adequately protect the area of Plaintiff's incident for possible dangers.

21. At all times relevant, Defendant failed to adequately protect the deck located where the Plaintiff sustained his injury.

22. At all times relevant, Defendant failed to eliminate the hazard(s).

23. At all times relevant, Defendant failed to properly maintain this area.

24. At all times relevant, Defendant participated in the ongoing renovation and/or approved the renovation of the *Conquest* while the vessel contained thousands of passengers, including the Plaintiff.

25. At all times relevant, Defendant participated in the renovation of the ceilings of the *Conquest* and/or approved the renovation without securing and clearing the lower floor level of passengers.

26. At all times relevant, Defendant failed to properly train and supervise its crew.

## COUNT I
## NEGLIGENCE

27. Plaintiff hereby adopts and re-alleges each and every allegation in paragraphs 1 through 26 as is set forth herein.

28. The Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

29. Such duties include, but are not limited to, the duty to provide its passengers reasonable care to inspect for and resolve dangerous, risk-creating, and hazardous conditions that passengers, including the Plaintiff, will likely encounter.

30. Such duties also include, but are not limited to, the duty to maintain its ship in a reasonably safe condition for the use and enjoyment of its passengers.

31. Such duties also include, but are not limited to, the duty to warn passengers of hazards which passengers may reasonably be expected to encounter.

32. At all times material, the Defendant, through its vessel, crew, agents, employees, staff, and/or representatives, who were acting in the course and scope of their employment and/or agency with the Defendant, breached the duty of reasonable care owed to the Plaintiff and were negligent in one or more of the following ways:

   a. Failing to keep and maintain the floor area below the ceiling undergoing renovations in a reasonably safe condition, so as to help prevent hazards to its passengers; and/or

b. Failing to inspect, clean, keep and maintain the area below the ceiling undergoing renovation in a reasonably safe condition; and/or

c. Failing to install proper and reasonable safeguards to prevent passengers from being injured when using the subject area; and/or

d. Conducting renovations directly overhead of a hallway in an inherently and unreasonably dangerous manner, where passengers were walking below; and/or

e. Failing to take proper precautions for the safety of passengers entering or exiting the subject area; and/or

f. Failing to warn Plaintiff of the risk-creating conditions of the renovations in the subject area aboard the *Conquest*; and/or

g. Failing to have adequate policies and procedures in place for inspection, renovating and maintenance of the ceilings; and/or

h. Creating a risk-creating condition and/or failing to remedy a risk-creating condition which was known by the Defendant and which in the exercise of reasonable care should have been known by the Defendant; and/or

i. Failing to adequately train its crew to keep the subject area free of hazards; and/or

j. Failing to employ sufficient crewmembers or adequately trained crewmembers to properly inspect, repair, clean, supervise, and maintain the area of the ship where Plaintiff's incident occurred, and Defendant knew or should have known that this ship was inadequately staffed; and/or

k. Failing to install protective measures below the renovation area in order to avert the subject area from becoming unreasonably hazardous, or otherwise unreasonably dangerous; and/or

l.  Failing to comply with applicable standards, statutes, or regulations the violation of which is negligence per se and/or evidence of negligence; and/or

m.  Failing to otherwise maintain the area and the premises in a safe and reasonable manner; and/or

n.  Failing to properly and safely instruct passengers using the subject area of the risks involved; and/or

o.  Failing to warn Plaintiff and other passengers of prior similar incidents; and/or

p.  Failing to respond adequately to prior similar incidents and take corrective measure; and/or

q.  Through other acts or omissions constituting a breach of the duty to use reasonable care which will be revealed through discovery.

33. Defendant's negligence proximately caused Plaintiff great bodily harm in that, but for the Defendant's negligence, Plaintiff's injuries would not have occurred.

34. Defendant either (a) had actual knowledge of the risk-creating conditions; (b) had constructive knowledge of the risk-creating conditions; (c) would have had knowledge of the risk-creating conditions had the Defendant implemented proper methods of inspection; and/or (d) created the risk-creating conditions.

35. As a result of the Defendant's negligence, Plaintiff has suffered severe bodily injury resulting in pain and suffering, disability, , mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, lost wages, and loss of future earning capacity.

36. The losses are either permanent or continuing in nature.

37. Plaintiff has suffered these losses in the past and will continue to suffer such loses in the future.

**WHEREFORE,** Plaintiff, TREMAYNE REESE, demands Judgment against Defendant, CARNIVAL CORPORATION, for damages suffered and costs incurred, for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

## COUNT II
## NEGLIGENCE AGAINST CARNIVAL FOR THE ACTS OF ITS CREWMEMBERS BASED ON VICARIOUS LIABILITY

38. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26 as is set forth herein.

39. The Defendant at all relevant times, owed the Plaintiff a non-delegable duty to exercise the reasonable care required for the safety of a fare-paying passenger.

40. Alternatively, Defendant owed a duty to exercise reasonable care under the circumstances for the safety of its passengers.

41. To the extent Defendant contests its responsibility for the conduct of the individual(s) who dropped the construction tool, Plaintiff alleges that the individual is an agent of the Defendant, Carnival, for the following reasons:

42. All crewmembers renovating the *Conquest* were the employees of Defendant, or were Defendant, Carnival, agents, apparent agents, and/or servants.

43. All crewmembers were subject to the right of control by Defendant.

44. All crewmembers were acting within the scope of their employment or agency.

45. Defendant, Carnival, acknowledged that the crewmembers and officers would act on Defendant's behalf, and they accepted the undertaking.

46. Defendant, Carnival, is vicariously liable for the acts of the crewmember who dropped the construction tool, as set forth in the Factual Allegations, and Count I above. Those acts proximately caused Plaintiff's injuries and damages.

47. As a result of the Defendant's agent's negligence, Plaintiff has suffered severe brain trauma resulting in pain and suffering, disability, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of ability to earn money. In addition, Plaintiff lost the benefit of his vacation and cruise,

48. The losses are either permanent or continuing in nature.

49. Plaintiff has suffered these losses in the past and will continue to suffer such losses in the future.

**WHEREFORE**, Plaintiff, TREMAYNE REESE, demands Judgment against Defendant, CARNIVAL CORPORATION, for damages suffered and costs incurred, for all court costs, pre- and post-judgment interest, and for any and all other relief which the Court deems just or appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff, TREMAYNE REESE, demands trial by jury on all issues so triable.

**Dated:** February 11, 2018.

Respectfully submitted,

*/s/ Raul G. Delgado II*
**Spencer M. Aronfeld, Esq.**
Florida Bar No.: 905161
aronfeld@Aronfeld.com
**Raul G. Delgado II, Esq.**
Florida Bar No.: 94004
rdelgado@aronfeld.com
**Abby H. Ivey, Esq.**
Florida Bar No.: 1002724
aivey@aronfeld.com
ARONFELD TRIAL LAWYERS
3132 Ponce de Leon Boulevard

                                        Coral Gables, Florida 33134
                                        P:     (305) 441.0440
                                        F:     (305) 441.0198
***Attorneys for Plaintiff***